UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAMERON WARREN,

                                Plaintiff,

                -against-

QUENDRY GUERRERO, et al.,

                                Defendants.

21-CV-11236 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action, invoking the Court's federal question and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. He paid the filing fees for this action. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Cameron Warren "maintains residency in the city of San Francisco . . . in the State of California." (ECF 1 at 5, ¶ 6.) He alleges that he has a contract for modeling with Look Model Agency in California, and that he must "clear" any modeling work with the agency. (*Id.* at 9 – 10.)[1]

Plaintiff brings this action against dozens of defendants, most of whom are alleged to "maintain[ ] residency" or work in the State of New York. Some or all Defendants were employees of a Tommy Hilfiger store in New York, operated by the PHV Corporation. (*Id.* at 7, ¶ 10.) On March 24, 2021, "the employer . . . terminated all store employees." (*Id.*) An individual

---

[1] Plaintiff attaches an unsigned contract from Look Model Agency to his complaint.

named "Alexis Contreras" – who is not named as a defendant in this action or otherwise

identified – allegedly took an "iPhone live photo" of Plaintiff that was "of a sexual nature" and

"unlawfully distributed" it. (*Id.*) Plaintiff demanded that Contreras delete it. (*Id.* at 10, ¶ 15.)

On or about the date Defendants were terminated, their employer, PHV Corporation,

proposed a "Non-Disclosure – equivalent – Agreement" (the terms of which are not described) to

Defendants, all of whom "accepted the agreement and received payment in return." (*Id.*) The

amount of payment was determined by job title, and Plaintiff estimates that each Defendant

received between $5,000 and $10,000, and that the cumulative total for all Defendants was

approximately $260,000. Plaintiff alleges that the payment was intended to "control the

aforementioned information," by which he seems to mean the iPhone live photo. (*Id.* at 8.)

Plaintiff characterizes this as money Defendants "received for misappropriation of his trade

secret." (*Id.* at 8, ¶ 11.)

Plaintiff contends that the iPhone live photo qualifies as a trade secret because "his

likeness in all media production . . . constitute[s] a pattern." (*Id.* at 10, ¶ 14.) Moreover, the

iPhone photo displayed sexual content and nudity in areas of his body that were "off limits" and

such video or photos of Plaintiff were "not readily accessible in print." (*Id.*) Plaintiff argues that

Defendants "used the Plaintiff's trade secret for monetary benefit" (*id.* at 12-13) that is, the

payment from the employer. He further argues that Defendants "by agreeing to control

information pertaining to the photo . . . leveraged (used) the Plaintiff's trade secret for monetary

benefit." (*Id.* at 13.)

Plaintiff argues that, while the creator of a photograph (Alex Contreras) would ordinarily

have rights under the Copyright Act, because the photograph was "illegally produced" in

violation of New York Penal Law § 250.45, Contreras did not own it, and Plaintiff owns it "by default." (*Id.* at 11, ¶ 19.)

Plaintiff asserts claims under the Defend Trade Secrets Act of 2016 (DTSA), 18 U.S.C. § 1836 *et seq.*, the Copyright Act, and New York state law against unjust enrichment. He seeks compensatory and punitive damages, and declaratory and injunctive relief. (*Id.* at 15.) Plaintiff also states that "[t]his Court has authority to remove and join Plaintiff's New York State claims for unjust enrichment against Defendants Guerrero, Sieokhornburi, Hosein, Padilla, Rodriguez, Agurto, and Bowden, pursuant to 28 U.S. Code § 14419(c)(1)(A) & (B)." (ECF 1 at 6, ¶ 6.) It is unclear if Plaintiff seeks to remove, under 28 U.S.C. §§ 1441, 1446, claims currently pending in state court, because Plaintiff does not include any further information about such removal.[2]

## DISCUSSION

The gravamen of Plaintiff's complaint is that Defendants, who worked at a Tommy Hilfiger store, obtained a sexually explicit photograph of Plaintiff taken by someone who is not named as a defendant in this action. Defendants were fired, and Defendants' former employer paid each Defendant approximately $5,000 to $10,000, in consideration of their signing of "non-disclosure agreements," the terms of which are unspecified.

**A.    Federal Claims**

1.    Misappropriation of Trade Secrets

The Defend Trade Secrets Act of 2016 (DTSA) expands the provisions of 18 U.S.C.

---

[2] Plaintiff's Article 78 petition, in which he mentions Alex Contreras and alleges that police officers had not properly investigated and prosecuted crimes against Plaintiff, was recently dismissed. *Warren v. Detective Sheldon White of Bronx S.V.U.*, 2021 WL 5359326 (Sup. Ct. Nov. 17, 2021). That matter, which is closed, is not removable. The Court is unable to locate other proceedings involving Plaintiff in New York courts but notes that section 1441 provides for removal by a defendant – not a plaintiff. *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988) ("Quite simply, a party who is in the position of a plaintiff cannot remove.").

§ 1831 *et seq*. The DTSA provides a federal cause of action to the owner of a trade secret that is misappropriated and is related to a product or service used in, or intended for use in, interstate or foreign commerce. 18 U.S.C. § 1836(b). To state a claim for trade secret misappropriation, "a plaintiff must plausibly allege that (1) it possessed a trade secret, and (2) the defendant misappropriated the trade secret." *Medidata Sols., Inc., v. Veeva Sys. Inc.*, No. 17-CV-589, 2018 WL 6173349, at *3 (S.D.N.Y. Nov. 26, 2018).

"Trade secret" is defined broadly in the DTSA as "all forms and types of financial, business, scientific, technical, economic, or engineering information." *Island Intell. Prop., LLC v. StoneCastle Asset Mgmt. LLC*, 463 F. Supp. 3d 490, 499–500 (S.D.N.Y. 2020); 18 U.S.C. § 1839 ("[T]he term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information."). "Misappropriation" within the meaning of the DTSA is an unconsented disclosure or use of a trade secret. *Tesla Wall Sys., LLC v. Related Companies, L.P.*, No. 17-CV-5966, 2017 WL 6507110, at *10 (S.D.N.Y. Dec. 18, 2017). A plaintiff claiming misappropriation of trade secrets may show that the defendant gained access to the trade secrets through improper means or "that the defendant improperly used or disclosed trade secrets." *Democratic Nat'l Comm. v. Russian Fed'n*, 392 F. Supp. 3d 410, 447-48 (S.D.N.Y. 2019) (quoting *DSMC, Inc. v. Convera Corp.*, 479 F. Supp. 2d 68, 79 (D.D.C. 2007)).

Plaintiff contends that the iPhone live photo qualifies as a trade secret because "his likeness in all media production . . . constitute[s] a pattern." (*Id.* at 10, ¶ 14.) Although the allegations of the complaint suggest that there was an unwanted disclosure of matters that Plaintiff wished to keep private, the complaint does not allege facts that plausibly suggest that, in this context, the photo of Plaintiff qualified as a trade secret. *See, e.g.*, *Elsevier Inc. v. Dr.*

*Evidence, LLC*, No. 17-CV-5540 (KBF), 2018 WL 557906, at *5 (S.D.N.Y. Jan. 23, 2018) ("[C]onfidential information" is not equivalent to "trade secrets.").

Plaintiff also does not plead facts showing misappropriation within the meaning of the DTSA, both because the photo is not shown to be a trade secret and because he does not allege that Defendants used or disclosed the photo. Rather, Plaintiff alleges that (1) non-defendant Alex Contreras disclosed the photo to Defendants; and (2) Defendants benefited financially from entering into an agreement with their former employer at or about the time of the termination of their employment. (ECF 1 at 7-8.) Neither of these allegations shows that Defendants misappropriated a trade secret. For all of these reasons, Plaintiff fails to state a claim on which relief can be granted under the DTSA.

2.      Copyright Claims

"To establish infringement of copyright, 'two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010) (quoting *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361 (1991)).

Although registration with the United States Copyright Office is not required to obtain copyright protection, *see* 17 U.S.C. § 408(a) ("[R]egistration is not a condition of copyright protection"), registration *is* a precondition for bringing an infringement action in federal court, *see id.* § 411(a) ("[N]o action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title."); *see also Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010) (holding that the Copyright Act's registration requirement is a precondition to filing a copyright infringement claim rather than a restriction on the federal court's subject-matter jurisdiction).

Plaintiff argues that the creator of the photograph is not entitled to protection under the Copyright Act, because the photograph was "illegally produced"; Plaintiff reasons that "by default," he is entitled to copyright protection for the photograph. (ECF 1 at 11, ¶ 19.) Whatever the merits of Plaintiff's argument for ownership, he does not allege that he holds a registered copyright for the photograph, and thus he cannot pursue an action for copyright infringement.

**B.      State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Here, Plaintiff has invoked the Court's diversity jurisdiction. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). For diversity purposes, an individual is a citizen of the State where he is domiciled. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted) (defining domicile as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning."). An individual may have multiple residences, but "[a]t any given time, a person has but one domicile." *Id.* at 42.

Plaintiff alleges that he "maintains residency in the city of San Francisco . . . in the State of California" (ECF 1 at 5, ¶ 6), but it is unclear where Plaintiff is domiciled. The facts alleged

thus do not show that Plaintiff is a citizen of California. Plaintiff also does not plead facts about where each defendant is domiciled: For some defendants, Plaintiff alleges merely that they work in New York and for others he indicates that he does not have information about their residence or domicile. Plaintiff's allegations are therefore insufficient to plead that diversity of citizenship is complete.

Plaintiff alleges that the amount in controversy in this matter is $260,000, which he has computed by calculating the monies paid to Defendants in connection with the "non-disclosure agreement" offered upon termination of employment. "[T]he ordinary measure of compensatory damages is "'the amount which the plaintiff would have made except for the defendant's wrong . . ., not the profits or revenues actually received or earned' by the defendant." *Capstone Logistics Holdings, Inc. v. Navarrete*, No. 17-CV-4819, 2018 WL 6786237, at *5 (S.D.N.Y. Dec. 13, 2018) (quoting *McRoberts Protective Agency v. Lansdell Protective Agency*, 403 N.Y.S.2d 511 (1st Dep't 1978)). Because it is not clear that monies Defendants gained are an appropriate measure of Plaintiff's damages, it is also unclear that Plaintiff has pleaded facts showing that section 1332's amount in controversy requirement is satisfied. *See Id.* at *4 (relying on *E.J. Brooks Co. v. Cambridge Sec. Seals*, 31 N.Y.3d 441, 444, 105 N.E.3d 301 (2018) (where former employees were found liable for trade secret misappropriation, unfair competition, and unjust enrichment, plaintiff could recover compensatory damages that "return the plaintiff, as nearly as possible, to the position it would have been in had the wrongdoing not occurred—but do no more.")). Because Plaintiff has not adequately pled diversity of citizenship or facts about the amount in controversy requirement, Plaintiff has not shown that the Court can exercise diversity jurisdiction of this matter.

Because the Court grants Plaintiff leave to amend his complaint to replead his allegations of diversity jurisdiction and his state law claims, the Court addresses Plaintiff's state law claims.

1.      Misappropriate of Trade Secrets

The requirements for showing a misappropriation of a trade secret under state law are similar to the requirements under federal law. Under New York law, a party must demonstrate: (1) that it possessed a trade secret, and (2) that the defendants used that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means. *N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 43-44 (2d Cir. 1999). "[A] trade secret is any pattern, formula, device or compilation of information which is used in one's business and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Elsevier Inc. v. Dr. Evidence, LLC*, No. 17-CV-5540 (KBF), 2018 WL 557906, at *3 (S.D.N.Y. Jan. 23, 2018) (quoting *Softel Inc. v. Dragon Med. Scien. Commc'ns, Inc.*, 118 F.3d 955, 968 (2d Cir. 1997) (internal quotation marks and citations omitted)). It is "a process or device for continuous use in the operation of the business." *Id.* Under New York law, the photo of Plaintiff does not qualify as a trade secret, even if the photo is something that he wished to keep private. Plaintiff's claim for misappropriation of trade secrets under New York law must therefore be dismissed.

2.      Unjust enrichment

"To state a claim for unjust enrichment under New York law, a plaintiff must allege that: (1) the defendant benefited; (2) the benefit was at the expense of the plaintiff; and (3) that equity and good conscience require restitution." *Mazzaro de Abreu v. Bank of Am. Corp.*, 525 F. Supp. 2d 381, 397 (S.D.N.Y. 2007). "[A] plaintiff must demonstrate that services were performed for the defendant resulting in its unjust enrichment. . . . It is not enough that the defendant received a

benefit from the activities of the plaintiff." *Kagan v. K-Tel Ent., Inc.*, 172 A.D.2d 375, 376, 568 N.Y.S.2d 756, 757 (1991).

Here, Plaintiff alleges that, after they had received the photo of him, Defendants' employer terminated their employment and provided them some compensation in connection with a "non-disclosure agreement." (ECF 1 at 7, ¶ 10.) Plaintiff thus does not allege that Defendants received a benefit as a result of any services that he provided to them. At most, Plaintiff alleges that Defendants received some compensation incidentally related to his activities and photo. These allegations fail to state a claim for unjust enrichment under New York law.

## C.      Leave to Amend

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

It would be futile for Plaintiff to replead his federal claims of copyright infringement and violations of the DTSA. Because Plaintiff may be able to allege additional facts to state some state law claim(s), the Court grants Plaintiff 60 days' leave to amend his complaint to detail such claim(s). In his amended complaint, Plaintiff must first plead facts showing that the Court can exercise diversity jurisdiction of this matter under section 1332, including facts showing the citizenship of all parties and that the amount in controversy exceeds $75,000. If, in his amended

complaint, Plaintiff pleads state law claim(s) but does not plead facts showing diversity jurisdiction, the Court will decline to exercise supplemental jurisdiction of his state law claim(s).

Plaintiff is granted leave to amend his complaint to provide more facts about his claim. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## D.   Consent to Electronic Service and Permission for Electronic Filing

On January 27, 2022, Plaintiff filed an application in which he seeks (1) to consent to receive electronic service of notices and documents; and (2) permission to participate in

electronic case filing as a non-attorney. (ECF 5.)  Pro se litigants currently can submit documents by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. The Court denies Plaintiff's application for filing privileges at this time, without prejudice to his renewing this request.

Court permission is not required to consent to receive electronic service of documents, and a copy of the form for Plaintiff to consent to do so is attached to this order.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-11236 (LTS). An Amended Complaint form and Consent to Pro Se E-Service form are attached to this order. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

No Defendant shall be required, at this time, to file an answer to the complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    January 31, 2022
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                     Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                   (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                              State                 Zip Code

_____         _____

Telephone Number                         Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                     Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                     Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                     Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

| Street Address |

| County, City | State | Zip Code |

| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.